DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF WYOMING

[OCTOBER TERM, 1910.]

MONTANA AND WYOMING OIL COMPANY v.
GIBSON ET AL.

(No. 630.)

MINES AND MINERALS—OIL LEASE—ASSIGNMENT OF LEASE—STATUTE
OF FRAUDS—REPLEVIN—JUDGMENT—DAMAGES.

1. The owner of land executed an instrument granting and
conveying all the oil, gas and coal, and other minerals
in and under the land, together with the right of ingress
and egress for the purpose of drilling, mining and oper-
ating for minerals, and providing for the payment by the
second party of royalties for the several minerals, if dis-
covered, and as conditions to the grant, that if operations
were not begun and prosecuted with due diligence within
six months the grant should be void as to both parties,
and in case either water, oil or other minerals should be
discovered the "lease, incumbrance or conveyance" should
be in full force and effect for ten years after such discov-
ery and as much longer as water or such minerals could
be produced in paying quantities, and reciting that "this
lease is not intended as a mere franchise, but is intended
as a conveyance of the property therein mentioned, and
it is so understood by both parties." Held, (1) That
whether the instrument be regarded as a conveyance of
the minerals or as a lease, an agreement to transfer or
assign the right, title and interest of the grantee or lessee
therein would be an agreement for the sale of real estate,.

or a lease thereof for more than one year, and a verbal agreement assigning the lease would be void under the statute of frauds. (2) If such instrument be regarded as a lease it was for a term of years, subject to be declared forfeited by the lessor for failure of the lessee to begin operations, and prosecute the same with due diligence, within six months; the forfeiture clause being for the benefit of the lessor.

2. The party against whom a contract is sought to be enforced is the party to be charged therewith, under the provision of the statute of frauds that every agreement coming within the statute shall be void unless such agreement or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith.

3. In replevin where the property taken on the writ is delivered to the plaintiff upon his executing an undertaking to the defendant, as provided by statute, to the effect that the plaintiff shall duly prosecute the action and pay all costs and damages that may be awarded against him, it is not the duty of the court nor is it proper to render an alternative judgment permitting a return of the property by the plaintiff, since the statute, instead of authorizing such a judgment, provides that the defendant shall recover such damages as shall be right and proper.

4. Upon the evidence as to the value of the property taken upon a replevin writ, it is held that the damages awarded the defendant were not excessive.

[Decided February 28, 1911.]          (113 Pac., 784.)

ERROR to the District Court, Sheridan County, HON. CARROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*Ridgely & West,* for plaintiff in error.

One of the leases in question was entered into during the month of February, 1908, and the other leases between the 1st of April and the last of September, 1906. Those executed in 1906 were for the period of two years and upon certain conditions, *viz:* Upon performance of a certain amount of development work by the lessee and the discovery of oil or gas in paying quantities the lease would run for ten years. The lease executed in February, 1908,

was for a period of six months and under certain condi-
tions might be extended for the period of ten years. The
plaintiff was the owner of said leases in the months of
January, February, March and April, 1908, and when the
negotiations between the plaintiff and the defendants were
opened and the contract completed under which the plain-
tiff claimed to be entitled to the property taken upon the
writ of replevin.   Considering the leases as expiring at
the date when the condition precedent to their continuance
in force was to be performed, only two provisions of the
statute of frauds could in any event be applied to the
contract under which the plaintiff claimed, *viz:* The first
and fifth sub-divisions of the statute—they referring to
agreements not to be performed within a year and contracts
for the sale of real estate, or leases thereof for more than
one year.   To bring the contract within either of said sub-
divisions it is necessary to show that the agreement could
not be performed within a year, and if it contained a con-
dition or clause whereby it might be terminated within a
year the agreement would not come within the statute.   By
this statement particular reference is had to the fifth sub-
division, relating to the lease of land for the term of more
than one year.   (Lawson on Contracts, 81.)    A parol
assignment thereof will be valid.   (18 Ency. Law, 679.)
The unexpired portion of all of the leases was less than
one year, and hence they cannot be considered as leases
for more than a year or contracts not to be performed
within a year.   For that reason we contend that the statute
of frauds does not apply.

Conceding for the purpose of the argument that the
statute does apply, and that was the theory taken by the
trial court, the plaintiff offered in evidence the record of
a meeting of the directors of the plaintiff company, wherein
the draft of the agreement made between the parties hereto
was ratified and the execution thereof on the part of the
company directed.   This record was signed by the president
and secretary of the company.   It is not necessary that
the memorandum referred to in the statute be contained

in one instrument. The contract may be binding if there are in existence other instruments signed by the party to be charged referring back to the instrument sought to be enforced. The ratification by the plaintiff's directors was a sufficient compliance with the statute. (Brown on Statute of Frauds, 5th Ed., 469.) We contend further that the party to be charged within the meaning of the statute of frauds is the grantor, or, in this case, the plaintiff. The defendants entered into possession of the premises and the enjoyment of their contract, and by doing so they accepted the contract and waived the formality of their signature thereto. The same rule should apply as in the case of a warranty deed containing a condition that the grantee agrees to assume the payment of certain indebtedness. The lessee need not sign a lease, but by his acceptance of it he becomes bound by its provisions. (Thornton on the Law of Oil and Gas, 102.)

The judgment should have been in the alternative, permitting the plaintiff to return the property if it desired to do so, instead of paying the damages. Excessive damages were awarded.

*E. E. Enterline,* for defendants in error.

Assuming that the alleged oral agreement was void under the statute of frauds, it was proper to raise the question by a motion to strike out the testimony by which it was attempted to be established. (Williams-Hayward Shoe Company v. Brooks et al., 9 Wyo., 424.) As a general rule, where the creation of an interest is required to be in writing, the transfer or the assignment of that interest must likewise be in writing. Thus a lease for a term of more than one year can only be transferred in writing, even if the assignee takes possession and pays a portion of the rent. The actual occupancy of the premises and payment of rent to the lessor for part of an unexpired term by an assignee, pursuant to a contract of assignment with the lessee, which is not in writing, is not sufficient to exempt such assignment from the statute of frauds, where the assignee vacates

before the term expires and is sued for subsequently ac-
cruing rent. (Smith on Fraud, Sec. 367; Johnson v.
Redding, 36 Mo. App., 306; Smith v. Smith, 9 Ky. L. Rep.,
100; Smith v. Perkins (Ky.), 24 S. W., 722; Frank v.
N. Y. R. Co., 7 N. Y. St., 814; Winberry v. Koonce, 83
N. C., 351; Chicago Co. v. Davis Sewing Co., 142 Ill., 171,
31 N. E. 438; Taylor, Land & Ten., 2nd Ed., Sec. 426;
Sexton v. Chicago Storage Co., 129 Ill., 318, 31 N. E., 920;
Brown on Stat. of Frauds, Sec. 41; Reed on Stat. of
Frauds, Sec. 776; Briles v. Pace, 13 Ired. L., 279.) A
contract for the transfer of a lease is one for an interest
in or concerning land and hence within the statute of
frauds. (Kingsley v. Sebrecht, 92 Me., 23, 69 Am. St.,
486.) An agreement to make a contract for the sale of
lands must itself comply with the statute of frauds in all
the essential respects or it will be void. (Land Co. v.
Jackson, 121 Ala., 172; Sands v. Thompson, 43 Ind., 18;
Reecker v. Steelman, 73 Ind., 396; Lawrence v. Chase,
54 Me., 196; Lyons v. Bass, 108 Ga., 573, 34 S. E., 721.)
As the leases in question were each for a term of twelve
years, and some of them even for a longer period, the
statute of frauds clearly applies, and the court very prop-
erly excluded all the evidence of the oral agreement to
assign them.

The agreement to assign was never executed by either
party, and even if it had been authorized by the plaintiff
company by and through its officers, that would be wholly
immaterial, for the reason that the defendants never exe-
cuted it, and they are the parties sought to be charged.
There is no provision in the statute for an alternative
judgment in replevin where the property has been delivered
to the plaintiff upon his executing an undertaking as pro-
vided by the statute. That the judgment rendered was
the proper one has been settled by this court. (Turner v.
Horton, 18 Wyo. 281, 106 Pac. 688.) It is suggested, but
not very strongly urged, that the evidence is insufficient to
sustain the amount of damages assessed by the court in
its finding. The case last cited is authority for the proposi-

tion that an error in the amount of recovery cannot be raised on the ground of the insufficiency of the evidence. The question was perhaps properly raised in the motion for new trial, but, assuming that it was, we think it cannot be doubted that the judgment is sustained by sufficient evidence.

BEARD, CHIEF JUSTICE.

The plaintiff in error brought this action in the district court against the defendants in error to recover the possession of certain oil well drilling machinery and supplies, to which it claimed title and the right of possession. The case was tried to the court without a jury. The court found generally for the defendants; and specially that defendants Gibson, Veitch and Miller were, at the time of the commencement of the action and prior thereto, the owners of said property and had the right of property and right of possession thereof at the time of the commencement of the action, and at the time the same was taken from their possession on the writ of replevin; that the value of the property at the time it was so taken from said defendants was $5,625.00. Judgment was rendered in favor of said defendants and against plaintiff and its sureties on the undertaking for said sum with interest and costs. From that judgment plaintiff brings error.

The principal question presented is, whether or not a contract by which plaintiff claimed title to the property comes within the following provisions of our statute of frauds, Sec 3751, Comp. Stat. 1910. "In the following cases every agreement shall be void unless such agreement or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith:" * * * "Fifth—Every agreement or contract for the sale of real estate, or the lease thereof, for more than one year."

The plaintiff attempted to prove that the defendants Gibson, Veitch and Miller had agreed with plaintiff to furnish the necessary machinery and perform the work of exploiting certain lands in Big Horn County for oil and gas accord-

ing to the terms of certain—so called—leases held or controlled by plaintiff, and according to certain additional terms; and if oil or gas was discovered in said lands in paying quantities to develop said land and pay plaintiff a royalty; that if said defendants failed to carry out any of the terms of the contract the plaintiff might repossess itself of the lands and take possession of all property of every kind placed upon the land or used about the wells. The consideration for this agreement was the nominal sum of one dollar and the agreement of the plaintiff to assign and transfer to said defendants all of its right, title and interest in said lands acquired by virtue of said leases. It is not claimed that the agreement or any note or memorandum thereof was in writing and subscribed by said defendants. The district court struck out and excluded the testimony tending to prove a verbal agreement, and that ruling is assigned as error. Plaintiff's contention is that the agreement sought to be proved was not an agreement or contract for the sale of real estate or for a lease thereof for more than one year, and hence not within the statute. There were a number of these leases—so called—all of the same tenor, except as to lessors, lands described, time within which work should be commenced and duration. The language of each is, that the parties of the first part "have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the party of the second part, his heirs and assigns, all of the oil, gas, and coal, and other minerals in and under the following described lands, together with the right of ingress and egress at all times for the purpose of drilling, mining and operating for minerals," * * * *.

Then follows provisions for the payment of royalties for the several minerals, if discovered, and other provisions and description of land. "To have and to hold the above described premises, unto the said party of the second part, heirs and assigns, on the following conditions: In case operations for either the drilling of a well for oil, or mining for other

minerals are not begun and prosecuted with due diligence within six months from date then this grant shall immediately become null and void as to both parties;" * * * "In case the party of the second part should bore and discover either water, oil or other minerals, then in that event this lease, encumbrance or conveyance shall be in full force and effect for ten years from the time of the discovery of said product, and as much longer as oil, water, gas or other minerals can be produced in paying quantities thereon." * * * * "This lease is not intended as a mere franchise, but is intended as a conveyance of the property therein mentioned, and it is so understood by both parties to this agreement."

Whether this instrument be regarded as a conveyance of the minerals supposed to be contained within the land or as a lease, in either event an agreement to transfer or assign the right, title and interest of the grantee or lessee therein, would be within the provisions of the statute making such agreements void unless such agreement or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith. If it be regarded as a lease, it was for a term of years, subject to be declared forfeited by the lessor for failure of the lessee to begin prospecting within six months, or his failure to continue the same with due diligence; the forfeiture clause in the lease being for the benefit of the lessor. In Underhill on Landlord and Tenant, 643, it is said: "The rule seems firmly established by all the decisions, both in England and America, that however absolute and certain the words of the forfeiture may be, even though they shall expressly declare the lease null and void or at an end, they will be always construed as meaning that it is voidable merely and this at the option of the lessor." (Ogden v. Harty, 145 Pa. St. 640; Mathews v. Gas Co., 179 Pa. St. 165.)

The contract by which plaintiff claimed the property being such a one as the statute requires to be in writing, and neither the agreement itself nor any note or memorandum

thereof being in writing and subscribed by said defendants—they being the parties to be charged therewith, being the parties against whom the contract was sought to be enforced (20 Cyc. 272)—the court properly excluded the oral testimony by which plaintiff sought to prove the agreement.

It is also contended that the court erred in not rendering an alternative judgment. But in this there was no error. Under our statute, Sec. 5010, Comp. Statutes, 1910, the property taken on the writ is delivered to the plaintiff upon the execution of an undertaking to the defendant "to the effect that the plaintiff shall duly prosecute the action and pay all costs and damages which may be awarded against him." And by Sec. 5017, *id.,* it is provided, "When the property is delivered to the plaintiff, * * * * if the jury, upon issue joined, find for the defendant, they shall also find whether the defendant had the right of property or the right of possession only, at the commencement of the suit; and if they find either in his favor, they shall assess to him such damages as they think right and proper, for which, with costs of suit, the court shall render judgment for the defendant against the plaintiff and his sureties." There is no statute permitting the plaintiff to satisfy such judgment, either in whole or in part, by a return of the property. "The plaintiff's undertaking, when given, stands in the place of the property to the extent of defendants' interest and the property passes into the exclusive possession and control of plaintiff. (Smith v. McGregor, 10 O. St. 461; Uphaus v. Miller, 68 O. St. 401; Union Pac. R. R. Co. v. U. S., 2 Wyo. 170)." (Boswell v. Bank, 16 Wyo. 161-208.)

The only remaining question is as to the value of the property. Plaintiff contends that the judgment is excessive. Plaintiff alleged in its petition that the property was of the value of $5000. The defendants in their answer alleged that it was worth $7000. The testimony as to value was conflicting; several witnesses stating it was worth $7000, while others testified that it was worth less than $5000.

We think the value as found by the court is amply sustained by the evidence.

No error appearing in the record the judgment of the district court is affirmed.                    *Affirmed.*

SCOTT and POTTER, JJ., concur.